1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

DEBRA JOAN RICHARDSON,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

CASE NO. 2:15-cv-01640 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, Dkt. 7; Consent to Proceed Before a United States

20

Magistrate Judge, Dkt. 8). This matter has been fully briefed (*see* Dkt. 17, 20, 22).

21

       After considering and reviewing the record, the Court concludes that the ALJ did

22

not commit harmful legal error in the evaluation of plaintiff's claim. Plaintiff made

23

inconsistent claims about her drug use as well as about her physical limitations and

24

activities, and much of the medical opinion evidence either relied on her subjective

reports or was inconsistent with plaintiff's stated lack of symptoms, her MSE results or

her activities. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. §

405(g).

BACKGROUND

Plaintiff, DEBRA JOAN RICHARDSON, was born in 1956 and was 55 years old

on the amended alleged date of disability onset of February 1, 2012 (*see* AR. 19, 188-93).

Plaintiff attended high school and during her senior year attended a beauty school for half

days (AR. 62).   Plaintiff has work experience as a hair stylist (AR. 222-37).  She alleges

that she left her last employment when her back got worse and her contract was not

renewed (AR. 69).

According to the ALJ, plaintiff has at least the severe impairment of "degenerative

disk disease (DDD) of the lumbar spine (20 CFR 416.920(c))" (AR. 21).

At the time of the hearing, plaintiff was living with her 80-year-old mother (AR.

59).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant

to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and

following reconsideration (*see* AR. 96-103, 105-13). Plaintiff's requested hearing was

held before Administrative Law Judge Tom L. Morris ("the ALJ") on January 22, 2014

(*see* AR. 49-94). On March 7, 2014, the ALJ issued a written decision in which he

concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 16-43).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) The ALJ erred in his finding of fact (No. 2) finding that plaintiff's only "severe impairment" is her "degenerative disk disease of the lumbar spine"; (2) The ALJ erred in his finding of fact (No. 4) with respect to the plaintiff's overall capacity of full time employment (her "RFC"); (3) The ALJ erred in his finding of fact (No. 5), determining that plaintiff is capable of performing and maintaining full time employment in her past occupation of cosmetologist; (4) The ALJ erred in not discharging his obligation to fully develop the record, particularly given his rejecting of the treating and examining and even non-examining medical sources' opinions, without evidence or medical opinion sufficient to support rejection of those opinions and plaintiff's testimony; and (5) The ALJ erred in rejecting plaintiff's credibility, *e.g.*, concerning the severity of her impairments (*see* Dkt. 17, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)     Did the ALJ err in his finding of fact (No. 2) finding that plaintiff's only "severe impairment" is her "degenerative disk disease of the lumbar spine"?**

Plaintiff first contends that the ALJ erred at step two when concluding that plaintiff's only severe impairment is degenerative disc disease of the lumbar spine (Dkt. 17, pp. 4-9). Defendant contends that there is no error.

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'"  *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

The ALJ found that plaintiff's gastrointestinal impairment has "been intermittent and [has] resolved with her abstinence from alcohol and opiates" (AR. 22). The ALJ includes a lengthy discussion of the record in support of this finding, including noting that in May 2011, plaintiff "reported that her abdominal pain had resolved since she had ceased drinking alcohol" (AR. 23 (*citing* AR. 322)). Although plaintiff cites two clinic visits in support of her argument that her gastrointestinal issues continued, substantial

evidence in the record supports the ALJ's finding that plaintiff's gastrointestinal issues resolved. For example, on September 10, 2012, plaintiff's treatment record indicates that during her review of symptoms, regarding her gastrointestinal issues, she reported that she was negative "for abdominal pain, constipation, diarrhea and vomiting" (AR. 1046). Similarly, on October 4, 2013, when asked to circle any symptoms that she currently was experiencing, plaintiff declined to circle any of the symptoms under gastrointestinal, including abdominal pain (AR. 949). In addition, on May 1, 2013, plaintiff's review of symptoms indicated that with respect to her gastrointestinal issues, plaintiff was negative "for abdominal pain, constipation, diarrhea and vomiting" (AR. 1002).

The ALJ also included an extended discussion regarding how plaintiff's "distended stomach and duodenum appear to have resolved since [plaintiff's] amended alleged onset date, despite her continued alcohol use" (AR. 24). The ALJ cited numerous treatment records in support of this finding, including "benign abdominal findings" on multiple occasions and examinations which "consistently found a soft, non-tender, non-distended, and otherwise normal abdomen" (*id.* (*citing* AR. 863, 866-67, 871, 876, 879, 944, 946, 977, 1037-47, 1000-03)). The ALJ's finding is based on substantial evidence in the record as a whole.

For the reasons stated, the Court concludes that the ALJ's finding that plaintiff's abdominal pain and gastrointestinal issues had resolved when she ceased drinking alcohol and did not comprise a severe impairment during the relevant period is a finding based on substantial evidence in the record as a whole. Although plaintiff also contends in the

same section that the ALJ improperly disregarded her lower extremity pain, plaintiff

includes no argument or citation in support of this allegation.

Plaintiff also contends that the ALJ erred when failing to conclude that plaintiff

suffered from any severe mental impairment, such as depression or anxiety (Dkt. 17, pp.

5-8). Plaintiff faults the ALJ for discussing evidence prior to her amended alleged date of

disability onset, however the ALJ also cited evidence after plaintiff's alleged date of

disability onset to support that plaintiff did not suffer from a severe mental impairment

such as depression or anxiety (*see* AR. 27). For example, the ALJ noted that medical

examination in March 2012 resulted in the observation of "no unusual anxiety or

evidence of depression" (AR. 26-27 (*citing* AR. 692)). The ALJ also pointed out that in

April 2012, plaintiff "was able to recall three of three memorized items after a delay, and

correctly spelled 'world' backwards" (AR. 27 (*citing* AR. 710-16)), and that during

psychotherapy "between September 2012 and October 2013, [plaintiff] consistently

demonstrated appropriate appearance, unremarkable behavior, appropriate speech,

euthymic mood, average intellect, cooperative attitude, maintained attention, intact

memory, logical thought process, and fair judgment" (*id*. (*citing* AR. 967, 971-72, 984-

85, 988-89, 992-93, 1028, 1034, 1042)). Finally, the ALJ noted that in October, 2012,

plaintiff was started on antidepressants and "reported being happy and having improved

interpersonal relationships during psychotherapy in December 2012 and January 2013"

(*id*.; *see also* AR. 1018, 1022, 1027 (on December 14, 2012, "she reports that she is

happy"), 1037). The Court has reviewed the cited treatment records and concludes that

the ALJ's findings are supported by substantial evidence in the record as a whole.

1  Plaintiff did not provide sufficient evidence demonstrating that her alleged mental

2  impairments caused "'more than a minimal effect on [her] ability to work.'" *See Smolen,*

3  *supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert,*

4  *supra,* 841 F.2d at 306).

5      Regarding the establishment of a disability, it is claimant's burden to "'furnish[]

6  such medical and other evidence of the existence thereof as the Secretary may require.'"

7  *Yuckert, supra*, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing Mathews v.*

8  *Eldridge,* 424 U.S. 319, 336 (1976)) (footnote omitted).

9      Therefore, for the reasons stated, the Court concludes that the ALJ's finding that

10  plaintiff's "evidence of record since her amended alleged onset date further documents

11  that [plaintiff] retains normal social and cognitive functioning despite her substance use

12  disorder and other psychological impairments" is a finding based on substantial evidence

13  in the record as a whole (AR. 26). The ALJ did not err when concluding that plaintiff did

14  not suffer from a severe mental impairment.

15      In support of plaintiff's argument regarding her severe impairments, plaintiff cites

16  medical evidence from her therapist Ms. Laurie Jones, but does not address the reasons

17  offered by the ALJ for the failure to credit fully the opinions of Ms. Jones (*see* Dkt. 17,

18  pp. 5-6). For example, the ALJ found that "Ms. Jones' opinions are inconsistent with

19  [plaintiff's] purported activities and longitudinal psychological findings, including those

20  documented by Ms. Jones" (AR. 29). The ALJ again noted that "during psychotherapy

21  with Ms. Jones between September 2012 and October 2013, [plaintiff] consistently

22  demonstrated appropriate appearance, unremarkable behavior, appropriate speech,

euthymic mood, average intelligence, cooperative attitude, maintained attention, intact

memory, logical thought process, and fair judgment (AR. 29-30 (*citing* AR. 967, 971-72,

984-85, 988-89, 992-93, 1028, 1034, 1042)). As already concluded by the Court, these

notations by the ALJ reflect an accurate representation of the record. The Court also

concludes that they entail germane reasons for failing to credit fully the lay opinion of

Ms. Jones. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)

(*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v.

Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (An ALJ may disregard lay opinion

evidence "if the ALJ 'gives reasons germane to each witness for doing so'").

Similarly, plaintiff contends that the ALJ erred by failing to credit fully the

opinions of non-examining doctor, Dr. David Deutsch. However plaintiff only finds error

with one of the reasons provided by the ALJ for failing to credit fully this opinion (*see*

Dkt. 17, pp. 6-7). In addition to noting in a footnote that Dr. Deutsch did not include his

qualifications in his opinion, the ALJ also noted that "Dr. Deutsch did not refer to any

records nor did he list what records he had reviewed" (AR. 27-28). The ALJ also noted

that Dr. Deutsch's "only reference to any evidence whatsoever was a Global Assessment

of Functioning (GAF) score of 29" (AR. 28 (*citing* AR. 301)). The ALJ found that this

GAF score is "incompatible with [plaintiff's] reported activities and psychological

findings throughout the record" (*id*.). The ALJ's references to the record are accurate, and

the Court concludes that the ALJ's finding that the only evidence listed by Dr. Deutsch in

support of his opinion is "incompatible with [plaintiff's] reported activities and

psychological findings throughout the record" is based on substantial evidence in the record as a whole, as discussed above, *see supra*.

Plaintiff cites to other medical opinions and argues that the opinions support plaintiff's claim that her mental impairments are severe (*see* Dkt. 17, p. 7 (*citing* AR. 293, 299, 727)). However, the question before this Court is not whether or not evidence supports plaintiff's allegations, but whether or not substantial evidence in the record supports the findings by the ALJ. It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599, 601 (9th Cir. 1999)).

For the reasons stated and based on the record as a whole, Court concludes that the ALJ did not err by finding that plaintiff's only severe impairment is degenerative disc disease ("DDD").

> **(2)    Did the ALJ err in his finding of fact (No. 4) with respect to the plaintiff's overall capacity of full time employment (her "RFC")?**

Plaintiff contends that the ALJ erred when formulating her residual functional capacity ("RFC"). Defendant contends that there is no error.

As noted by the Ninth Circuit, "Social Security Regulations define residual functional capacity as the 'maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998)) (*quoting* 20 C.F.R. § 404, Subpart P, App. 2 §

200.00(c)) (emphasis added by Ninth Circuit); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at

*5. RFC is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§

404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

Plaintiff contends that the ALJ's finding regarding her RFC "is flawed because it

excludes limitations caused by the plaintiff's severe impairments other than the plaintiff's

degenerative disc disease" (Dkt. 17, p. 9). However, the Court already has concluded that

the ALJ did not err when determining that plaintiff's DDD was her only severe

impairment, *see supra*, section 1.

Plaintiff also contends that the RFC finding is "in error because it is premised

upon wrongful rejection of the opinions of treating and examining doctors and other

medical sources who repeatedly opined and described the plaintiff as not having the RFC

specified by the ALJ" (Dkt. 17, p. 9). However, again, although plaintiff lists the opinions

of several medical sources who opined that plaintiff was limited to sedentary work,

plaintiff fails to acknowledge the ALJ's reasoning for rejecting these opinions and fails to

discuss any specific alleged errors in the ALJ's discussion and rejection of these medical

opinions.

Defendant argues that the "Ninth Circuit 'has repeatedly admonished that [a court]

cannot 'manufacture arguments for an appellant'" (*see* Dkt. 20, p. 11 (*citing Indep.

Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (*quoting

Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Defendant notes

that the Ninth Circuit indicated that "a court will 'review only issues which are argued

specifically and distinctly in a party's opening brief'" (*id.* (*quoting Greenwood, supra,* 28

F.3d at 977)). Defendant argues that because plaintiff has not specifically challenged the sufficiency of the ALJ's reasons for discounting the medical opinions limiting plaintiff to sedentary work that this "amounts to waiver of that issue, which is fatal to her argument that the ALJ should have assessed the RFC differently" (*id*.). This argument is persuasive. However, the Court notes that it has reviewed the ALJ's written decision in full, including the ALJ's reasons for failing to credit fully various medical opinions, and has reviewed defendant's arguments in support of the ALJ's rationale (*see id.* at 11-13).

The Court concludes that the ALJ's reasons are supported by substantial evidence in the record as a whole. For example, despite plaintiff's reference to multiple medical opinions regarding a limitation to sedentary work, the ALJ referenced many normal findings following examination of plaintiff such as "good flexion in her lumbar spine, normal gait and station, negative Romberg sign, bilaterally negative straight leg raises (SLRs), normal reflexes, and normal strength and normal sensation, as well as her routine denials of backache" (AR. 34 (citations omitted)). In addition, the ALJ noted that plaintiff reported feeling better after using a home exercise program, and reported that she was babysitting (*id*.).  At her hearing, plaintiff testified that she walks twice a week and testified that "I try and walk at least a mile each time" (AR. 83).

The ALJ provided not only specific and legitimate rationale, but also clear and convincing rationale, for failing to credit fully medical opinions that plaintiff was limited to sedentary work. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)) (When an opinion from an examining or treating doctor is

contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record"); *see also  Lester*, *supra,* 81 F.3d at 830 (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)) (the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist) Therefore, the ALJ did not err when formulating plaintiff's RFC.

> **(3)    Did the ALJ err in his finding of fact (No. 5), determining that plaintiff is capable of performing and maintaining full time employment in her past occupation of cosmetologist?**

Plaintiff does not present any new arguments in support of this alleged error, but instead relies on previous arguments regarding a limitation to sedentary work and the existence of additional severe impairments (Dkt. 17, p. 12). These arguments already have been addressed by the Court, *see supra*, sections 1 and 2.

> **(4)    Did the ALJ err in not discharging his obligation to fully develop the record, particularly given his rejecting of the treating and examining and even non-examining medical sources' opinions, without evidence or medical opinion sufficient to support rejection of those opinions and plaintiff's testimony?**

Plaintiff contends that the ALJ erred by failing to discharge his duty to develop the record (*see* Dkt. 17, pp. 13-15). Defendant argues, correctly, that the ALJ's duty to develop the record is only triggered if "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" (Dkt. 20, p. 13 (*citing Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001))).

1    Plaintiff again argues that the ALJ erred when evaluating the opinion from Dr.

2    Deutsch, however, plaintiff again only acknowledges some of the rationale provided by

3    the ALJ for failing to credit fully this opinion (including a reason that was provided in a

4    footnote by the ALJ) (*see* AR. 27 n.5). The Court already has discussed this opinion, *see*

5    *supra*, section 1, and furthermore finds that this record is not ambiguous and is not

6    inadequate to allow for proper review.

7    Although plaintiff contends that the ALJ erred by rejecting medical opinions

8    without further developing the record by obtaining a consultative examination or by

9    obtaining testimony from a medical expert, plaintiff does not cite to any evidence

10   demonstrating that the medical opinion evidence was ambiguous or inadequate to allow

11   for proper evaluation, and does not provide a discussion of the actual reasons offered by

12   the ALJ for failing to credit fully the medical opinion evidence (*see* Dkt. 17, p. 14). In

13   addition, although plaintiff contends that the ALJ erred by rejecting "all the opinions that

14   the plaintiff's physical RFC was limited to no greater than sedentary," plaintiff fails to

15   acknowledge that these opinions are contradicted by two state agency doctor who opined

16   that plaintiff "did not have a severe physical impairment" (AR. 36 (*citing* AR. 96-103);

17   *see also* AR. 99 ("Physical impairments non-severe"), 101, 111).

18   The ALJ provided a detailed and thorough discussion of the treatment record,

19   which is extensive, and thoroughly discussed the medical opinion evidence, providing

20   multiple reasons for failing to credit fully various medical opinions. *See Reddick v.*

21   *Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747,

22   751 (9th Cir. 1989)) (the ALJ provides "specific and legitimate reasons that are supported

1  by substantial evidence in the record" for rejecting contradicted medical opinions by

2  "setting out a detailed and thorough summary of the facts and conflicting clinical

3  evidence, stating his interpretation thereof, and making findings"); *see also Lester, supra*,

4  81 F.3d at 830-31 (*citing Andrews*, *supra,* 53 F.3d at 1043; *Murray*, *supra,* 722 F.2d at

5  502).

6          The ALJ also provided much discussion regarding plaintiff's reports of her

7  abilities and of her activities of daily living.

8          Based on a review of the record as a whole, the Court concludes that plaintiff has

9

10  not demonstrated that the record was inadequate to allow for proper review. In addition,

11  the Court concludes that plaintiff has not pointed to any ambiguous evidence triggering

12  the ALJ's duty to develop the record through a consultative examination or testimony

13  from a medical expert.

14          **(5)     Did the ALJ err in rejecting plaintiff's credibility, *e.g.*, concerning the
                       severity of her impairments?**

15          Plaintiff contends that the ALJ erred when failing to credit fully her credibility.

16
17  Defendant contends that there is no error.

18          If the medical evidence in the record is not conclusive, sole responsibility for

19  resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v.*

20  *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855,

21  858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is

22  not "required to believe every allegation of disabling pain" or other non-exertional

23  impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. §

24

423(d)(5)(A) (other citations and footnote omitted)). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)).

Here, again, plaintiff fails to find fault with all of the reasoning offered by the ALJ for the failure to credit fully plaintiff's credibility, and instead selectively argues that some of the reasons were improper (*see* Dkt. 17, pp. 15-16). However, the Ninth Circuit has noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted).

The ALJ relied on plaintiff's inconsistent statements when failing to credit fully her credibility (AR. 33). For example, the ALJ noted that although plaintiff testified at her hearing that she left work as a cosmetologist in 2004 due to her physical symptoms and limitations, "she then affirmed that she had continued to work as a cosmetologist within her home and that she had left her employment in 2004 due in part to a change in the ownership of the salon" (AR. 34). The ALJ noted that in contrast to plaintiff's indication "that she experienced back pain whenever using her hands from her waist to her shoulders" (AR. 32), she "testified that she was presently fixing her mother's hair on a regular basis," was "currently operating motor vehicles on a frequent basis," and "was performing her own grocery shopping" (AR. 34). The ALJ also noted how despite stating

"that she had numbness and pain in her feet with prolonged standing," (AR. 32), plaintiff "stated that she could walk for a mile before needing to rest for 5 to 10 minutes," had indicated that "she was looking into starting a gym membership," and, as noted previously, testified that she walks twice a week and tries to "walk at least a mile each time" (AR. 83).

Throughout the record, the ALJ noted and documented how plaintiff "has continued to give conflicting reports as to her substance use" (AR. 26). For example, the ALJ noted that in February 2012, plaintiff "reported daily use of Vicodin, marijuana, and alcohol" (*id.* (*citing* AR. 568 ("has already had to drink alcohol and Vicodin today")). In contrast, the ALJ noted how in April 2012, plaintiff "gave unclear reports as to her sobriety ('at one point she stated that she has three years of sobriety; at another point she indicated that she 'drinks'')" (AR. 27 (*citing* AR. 711)).

The ALJ also provided an extensive discussion of the medical evidence throughout the opinion which demonstrated that plaintiff's abilities exceed her alleged limitations and that the objective medical evidence contradicts her allegations (*see, e.g.,* AR. 33-34).

For the reason stated and based on the record as a whole, the Court concludes that the ALJ provided clear and convincing reasons for failing to credit fully plaintiff's credibility.

//

//

//

1

<u>CONCLUSION</u>

2

Based on the stated reasons and the relevant record, the Court **ORDERS** that this

3

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4

**JUDGMENT** should be for defendant and the case should be closed.

5

Dated this 13th day of May, 2016.

6

7

8

J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 17